NOT DESIGNATED FOR PUBLICATION

No. 120,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KAREN SCHMITENDORF,
*Appellee/Cross-Appellant*,

v.

DEBORAH TAYLOR, as Trustee of
the V. LOUISE PARK REVOCABLE LIVING TRUST; and
DEBORAH TAYLOR, Individually,
*Appellants/Cross-Appellees*.


MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed June 19, 2020. Affirmed.

*Geri L. Hartley*, of Paola, for appellants/cross-appellees.

*Jeffrey R. King*, of Sage Law LLP, of Overland Park, for appellee/cross-appellant.

Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.


PER CURIAM: This is a companion appeal to *Schmitendorf v. Taylor* (No. 120,123, this day decided). The facts applicable to this appeal are set forth in that opinion. Because this appeal and cross-appeal involve only the question of attorney fees, we will limit our discussion of the facts to those relevant to our analysis of that question. For the reasons set forth in this opinion, we conclude that the district court appropriately exercised its discretion in ruling on the conflicting motions for attorney fees filed by the parties. Thus, we affirm.

1

On November 8, 2016, Schmitendorf filed a petition against Taylor both in her capacity as trustee of the V. Louise Park Revocable Living Trust and individually. More than a year later, the district court granted summary judgment against Schmitendorf and in favor of Taylor. In doing so, the district court found that the plain and unambiguous language of a prior Family Settlement Agreement entered into by the parties precluded the claims asserted by Schmitendorf against Taylor in this case.

Both Schmitendorf and Taylor filed motions asking the district court for an award of attorney fees and expenses. Prior to the district court's granting of summary judgment, Schmitendorf requested that Taylor be prevented from paying her attorney fees and expenses out of the trust assets. Schmitendorf also asked that the district court require Taylor to reimburse the trust for any funds already paid. In the alternative, Schmitendorf sought to have the district court authorize the payment of her attorney fees and expenses from trust assets. Later, after the district court granted summary judgment in her favor, Taylor sought to have Schmitendorf pay her attorney fees and expenses.

The district court denied both motions. However, the district court authorized the payment of Taylor's attorney fees and expenses out of trust assets. In its memorandum decision, the district court concluded:

> "This Court declines to find the petition [filed by Schmitendorf against Taylor] was frivolous or brought in bad faith. Regardless of how it is cast, the action was clearly an attempt to nullify the [Family Settlement Agreement] which Plaintiff had executed. It forced Ms. Taylor to defend the Trust. And thus, justice and equity under K.S.A. 58-1004a does weigh in favor of having the Trust pay the attorney fees of Ms. Taylor and all other expenses associated with the prosecution of this action. The Court declines to require Ms. Schmitendorf to reimburse the Trust for those fees."

Thereafter, Taylor filed a timely notice of appeal from the district court's order, and Schmitendorf filed a timely notice of cross-appeal.

ANALYSIS

*Failure to Assess Attorney Fees Against Schmitendorf*

Taylor contends that the district court erred in ordering that her attorney fees and expenses be paid out of trust assets rather than by Schmitendorf. "In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney fees, to any party, to be paid by another party or from the trust that is the subject of the controversy." K.S.A. 58a-1004; see also *In re Estate of Somers*, 277 Kan. 761, 773, 89 P.3d 898 (2004) (award of attorney fees involving the administration of a trust). Similarly, K.S.A. 58a-709 empowers the district court to restrict or grant reimbursement to the trustee for reasonable trust-related expenses from the trust property.

Where the district court has authority to award attorney fees and expenses, we view its decision under the abuse of discretion standard. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 81, 350 P.3d 1071 (2015). A district court abuses its discretion only if "no reasonable person would adopt the position taken by the district court." *Cresto v. Cresto*, 302 Kan. 820, 848, 358 P.3d 831 (2015). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Consolver v. Hotze*, 306 Kan. 561, 568-69, 395 P.3d 405 (2017).

In Kansas, judges "are experts as to the reasonableness of attorneys' fees and may, in the interest of justice, fix counsel fees when in disagreement with views of the trial judge." *In re Somers*, 277 Kan. at 773. In a case involving a trust, an award of attorney

3

fees and expenses is deemed to be reasonable if the litigation proved beneficial to the trust estate. *Moore v. Adkins*, 2 Kan. App. 2d 139, 151, 576 P.2d 245 (1978). As a general rule, legal proceedings benefit a trust estate if questions are resolved so the estate can be properly administered. *In re Trusteeship of the Will of Daniels*, 247 Kan. 349, 357, 799 P.2d 479 (1990).

Here, on November 20, 2018, the district court conducted a hearing on the issue of attorney fees. The district court took the matter under advisement and requested that the parties submit additional documentation in support of their claims for attorney fees. After receiving the additional documentation, the district court found that the lawsuit was not frivolous and ordered that Taylor's attorney fees and expenses be paid out of trust assets rather than by Schmitendorf. Additionally, the district court ordered that Schmitendorf would be responsible for paying her own attorney fees and expenses.

On January 18, 2019, the district court entered a memorandum decision setting forth its findings and conclusions relating to the attorney fee issue. Although the district court expressed doubt that Schmitendorf truly believed she had reserved her claims, it noted that an affidavit signed by her former attorney stated that he did not view the Family Settlement Agreement as waiving her right to subsequently challenge the validity of the 2013 Trust Amendment. Based on the attorney's affidavit, the district court found that it was "at least willing to accept the notion that Plaintiff had reason to think that there was potential legal merit to her claim." Thus, the district court determined that Schmitendorf's petition was not frivolous and that "justice and equity under K.S.A. 58-1004a does weigh in favor of having the Trust pay the attorney fees of Ms. Taylor and all other expenses associated with . . . this action."

Reasonable minds could disagree regarding whether Schmitendorf should be required to pay Taylor's attorney fees and expenses or if they should be paid out of the trust assets. Certainly, it is a close call. However, it was one for the district court to make

in the exercise of its sound discretion. Under these circumstances, Taylor has not shown that the district court abused its decision in declining to order Schmitendorf to pay her attorney fees and expenses.

*Payment of Taylor's Attorney Fees from the Trust*

In her cross-appeal, Schmitendorf asserts the district court erred in allowing Taylor's attorney fees and expenses to be paid out of the trust assets. As we noted in the previous section, K.S.A. 58a-1004 expressly authorizes the district court to order that attorney fees and expenses in judicial proceedings involving the administration of a trust be paid "from the trust that is the subject of the controversy." Once again, our standard of review is whether the district court abused its discretion. *Wiles*, 302 Kan. at 81. Also, as discussed above, legal proceedings generally benefit a trust estate if questions are resolved so the estate can be properly administered. *In re Daniels*, 247 Kan. at 349.

Our review of the record on appeal confirms that in defending against Schmitendorf's lawsuit, Taylor and her attorney benefitted the trust estate so that it could be properly administered. In particular, Taylor defended Schmitendorf's attack on Park's 2013 amendment to the trust as well as the validity of the Family Settlement Agreement previously entered to resolve the disputes over the "trust assets and distributions" as well as over "future estate matters" that could have led to even more litigation, attorney fees, and expenses. Under these circumstances, we do not find that the district court abused its discretion in allowing for the payment of Taylor's attorney fees and expenses relating to the defense of this lawsuit to be paid out of trust assets. In fact, we find the district court's thoughtful decision to be a reasonable—if not noble—attempt to bring this unfortunate family dispute to an end.

Affirmed.